UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS    CASE NO :

Belkis – Brito

V.

Carrington Mortgage .



COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

1- The plaintiff Belkis – Brito brings this action as described in the paragraph set fort herein. The complaint alleges the defendant Carrington mortgage breached of the terms of certain mortgage noted herein , given by plaintiff as secured by real property located at the 91 high street , Lawrence , ma 01841. Defendant breach resulted in an allegedly void foreclosure of said mortgage , and the subsequent void mortgage foreclosure sale ( as the recent First Circuit court of Appeal ruling in the case : THOMPSON'S V. JMORGAN CHASE BANK N.A case no : 18-1559), the court void the foreclosures because violation of proper noticing requirements .

2- The plaintiff respectfully moves this honorable court find the defendant breached the terms of the mortgage and further find said for closure sale to be void as the result of said breach, enjoin the defendant from conveyance of the subject property pending the determination by this court verifying the validity of any underlining sale.

## JURISDICTION AND VENUE

3- This Honorable court has the subject matter jurisdiction since the plaintiff and the defendant are in different states and also the amount of the controversy exceeding the limits for the damage s, the plaintiff home value more than $ 450,000.0 .

## PARTIES

4- The plaintiff is a natural person residing at the 91 High street , Lawrence – MA, 01841

5- The Carrington Mortgage Services usual place of the business at the 1600 South Douglass Road , suite 200-A, Anaheim , CA , 92806.

## FACTS

6- The Plaintiff is the owner of the property located at the 91 High street, Lawrence – Ma- 01841.
7- On the December 5, 2008 recorded at the Essex county registry of deed in book 11400, the Defendant claimed auction the plaintiff home on the date of the November 19, 2019, the

8- The Defendant mortgage loan secured by the property located at the 91

States that the defendant in the case of the foreclosure give adequate and timely notice of the plaintiff as the borrower right to reinstate the area mortgage by curing the default, the defendant in the paragraph 9 of the Brito mortgage is required to send the plaintiff the default notice, rights to reinstate the after acceleration notice which informs the plaintiff as follows :

9- On the date of the October 28, 2019 Carrington mortgage defendant Carrington mortgage caused the mortgage foreclosure sale .

10- Plaintiff alleges that any notice sent purporting to the state compliance with paragraph 9 of the brito mortgage failed to contained the required information as described in the said paragraph and further to state with specificity the conditions plaintiff is required to meet in order to exercise her right to reinstate the mortgage after acceleration pursuant to the paragraph 10 of the brito mortgage.

11- As such, The defendant failed to provide plaintiff proper notice of default in breach of the Brito mortgage contract and are in violation of The g.L.C 183 .section 21 for failure to first comply with the terms of the mortgage prior exercising the power of sale , rendering any acceleration , foreclosure , and sale void.

## COUNT I

### MORTGAGE POWER OF SALE

12- Plaintiff repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

13- Massachusetts permits non- judicial foreclosure under the statutory power of sale contained at the G.L.c.183 section 21 as long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with

14- As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must comply with the terms of the mortgage ...G.L.c 183 section 21.

15- If a bank fails to strictly comply with the power of sale and the terms of mortgage. Then a foreclosure is void. USBank .National ASSOCIATION V. Schumacher, 467 Mass,421, 428 (2014).

( Failure to comply strictly with the power of sale renders the foreclosure void )

16- The mortgage given by plaintiffs, secured by the subject property states at paragraph 9 :

17- Parapf 9 of the plaintiff mortgage requires that prior to acceleration and foreclosure the Defendant is required to send the Borrower a Default notice which informs the borrower that the borrower has a right to reinstate after acceleration , the right to reinstate after acceleration contained in the paragraph 10 of the plaintiff mortgage with the Carrington Mortgage as follows:

18- Plaintiff has alleged herein above that any notice sent purporting to state compliance with the paragraph 9 of the Plaintiff mortgage with the Carrington Mortgage failed to contained the requires information as described in the said paragraph and further failed to state with specify the condition the plaintiff is requires to meet in order to exercise her rights to reinstate the mortgage after acceleration pursuant to paragraph 9 of the Plaintiff mortgage .

19 – The as such , there was no compliance with the terms of the mortgage which would have allowed the defendant to exercise the staury power of sale as indicated above.

20-NO proper notice of Default was sent to the plaintiff in accordance with the terms of the mortgage .

21- AS a result no acceleration letter could be sent to the plaintiff , nor could the mortgage exercise the statuary power of the sale.

22- Pursuant to the terms of the plaintiff mortgage compliance with the obligations of the lender as set forth in the paragraph 9 and the paragraph 10 of the plaintiff mortgage with the condition precedent to acceleration and the exercise of the statuary power of sale.

23- Plaintiff never received an acceleration notice or notice of Default pursuant to the terms of the plaintiff mortgage with the Carrington mortgage.

24- Due to this failure to comply with the terms of the mortgage , no entity was contractually authorized to exercise the statutory power of sale and foreclose on the plaintiff Mortgage and sell the subject property at the mortgage foreclosure sale the auction constituted a breach of contract , resulting in dames to the plaintiff.

25- As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, the plaintiff mortgage loan account was charged fees and costs and expenses for the certified mail , advertising costs , legal fees , auctioneer costs and other charge which were reflected in their monthly mortgage statements.

26- The plaintiff incurred emotional injuries and damages due to the improper foreclosure of their home without Defendant first complying with the terms of the mortgage ,.

27- The Defendant breach of contract and failure to comply with terms of the mortgage as noted herein above , are the direct cause of harms alleged herein and not plaintiff failure to make their mortgage payments.

28- Therefore , plaintiffs would not suffered the harms as noted were it not for the defendant breach of mortgage contract as noted herein>

29- The defendant failure to comply with the terms oft the mortgage is in violation of L.L.C. .183 section 21. The foreclosure is therefore void . us Bank .Nat. ASSCCIATION v. Ibanez, 458 Mass.637, 647 (2011) ( the term power of sale, G.L. c. 183 section 21 must strictly adhere to ) also in the case of the Paiva V. Bank of New YORK Mellon., USDC Mass . 14-1453, August 11, 2015 the court found the foreclosure is void..

30- The plaintiff is entitled to an injunction preventing the transfer of rights , title and interest in their property.

31- Plaintiff is entitled to be returned to their status and circumstances prior to the wrongful foreclosure and sale.

32- plaintiff entitle to actual monetary , punitive damages , restitution, and equitable relief and all other as provided by the law.

## COUNT II

## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITION S PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

33- Plaintiff repeat and re- alleged every allegation above as if set forth herein in full.

34- As described above, the mortgage contract entered into by plaintiff s constitutes a valid offer.

35- Upon plaintiffs executing the mortgage contract and giving it to their lender, the lender accepted that offer.

36 – The defendant failure to comply with the term of the mortgage is a breach of contract and also in violation of G.L.C. 183 section 21 . the foreclosure therefore is void U.S.BANK ASSOCIATION V. Ibanez, 458 Mass .637 , 647 (2011) the term the power of sale by the Carrington mortgage must be strictly adhere to ).

Wherefore . Plaintiff respectfully request for the following reliefs:

1- The court respectfully order to void the the foreclosure and the mortgagee foreclosure sale of the subject plaintiff property void.

2- The court respectfully order the plaintiff status return to the pre foreclosure status

3- The court respectfully order judgement for plaintiff and award damages for wrongful foreclosure.

4- The plaintiff respectfully demand jury trial.

Date : 12-10-2020

Respectfully Submitted by the plaintiff :
Belkis- R. BRITO